UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TAMAR FERREL,

        Plaintiff,

    v.

AIRBUS AMERICAS, INC. AND
AIRBUS S.A.S.,

        Defendants.

CIVIL ACTION NO. 26 Civ. 690 (JHR) (SLC)

**CONFIDENTIALITY STIPULATION
AND PROPOSED PROTECTIVE ORDER**

**WHEREAS**, Plaintiff Tamar Ferrel ("Plaintiff") and Defendants Airbus Americas, Inc. and Airbus S.A.S., ("Defendants") (Plaintiff and Defendants each individually a "Party" and collectively the "Parties") having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

**ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the Parties in connection with the pre-trial phase of this action:

1.      Counsel for any Party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a Party as confidential will be stamped "CONFIDENTIAL."

2.      The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action.

3.      In the event a Party challenges another Party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging Party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any Party that any Confidential Information disclosed in this case is relevant or admissible. Each Party reserves the right to object to the use or admissibility of the Confidential Information.

4.      Information designated "HIGHLY CONFIDENTIAL" shall include, but is not limited to, discovery documents and information that contains technical know-how and trade secrets relating to processes or procedures, information generated by research and development, chemical and other scientific formulas, contract negotiations, and strategic plans and intellectual property. HIGHLY CONFIDENTIAL information shall be treated as attorneys' eyes only, except that it may be shown to (i) an expert witness who has been retained by a Party for this litigation and who has executed a written acknowledgment in the form attached hereto as Exhibit A stating that he or she has read this Protective Order and agrees to be bound by its provisions or (ii) an

employee of the designating Party.

5.      All documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

a.      Any witness who, in the good-faith belief of counsel for a Party, may be called to testify at trial or deposition in this action;

b.      Outside counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

c.      In-house counsel for the Parties to this action and their insurers, including any paralegal, clerical, and other assistant employed by such counsel and assigned to this matter;

d.      Outside vendors or service providers (such as copy-service providers, discovery venders, document-management consultants, graphic production services, or other litigation support services) that outside or in-house counsel have hired and assigned to this matter, including computer service personnel performing duties relating to a computerized litigation system;

e.      Any mediator or arbitrator engaged by the Parties in this matter or appointed by the Court;

f.      Any Commissioner or other person engaged to ensure compliance with a foreign country's laws, including any Commissioner engaged under the Hague Evidence Convention;

g.      As to any document, its author, addressee, and any other person indicated on the face of the document as having received a copy;

h.      Any person retained by a Party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this action (hereinafter, "Expert(s)");

i.      Stenographers, videographers, and interpreters engaged to transcribe depositions conducted in this action; and

j.      This Court, including any appellate court, court reporters, clerks, and support personnel for the same, as well as any jury members.

6.      Prior to disclosing or displaying the Confidential Information to any person listed in subparagraphs 5(a), 5(b), 5(e), 5(f), 5(h), or 5(i) above, counsel shall:

a.      Inform the person of the confidential nature of the information or documents;

b.      Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and

2

has enjoined the disclosure of the information or documents to any other person;

      c.     Provide a copy of this Protective Order to such person who must sign a Non-Disclosure Agreement in the form attached as **Exhibit A** hereto stating that the person has read this Protective Order and agrees to be bound by it;

      d.     Retain each signed Non-Disclosure Agreement which shall be produced to the producing Party on demand.

7. The disclosure of a document or information without designating it as "Confidential" or "Highly Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Protective Order.

8. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing Party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the Party who received PII experiences a data breach, it shall immediately notify the producing Party of the same and cooperate with the producing Party to address and remedy the breach. Nothing herein shall preclude the producing Party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving Party's failure to appropriately protect PII from unauthorized disclosure.

9. This Protective Order permits compliance with the French Blocking Statute, codified as Decree No. 2022-207 dated February 18, 2022 ("Decree No. 2022-207"), as follows:

      a.     Any requests served on any French entity may be disclosed to the French Strategic Intelligence and Economic Security Service prior to producing documents;

      b.     To the extent Decree No. 2022-207 requires the presence of a Commissioner at any depositions or any other proceedings seeking information from persons employed by a French entity, the Parties agree to permit the presence of a Commissioner during such proceedings; and

      c.     To the extent any foreign entity appoints a Commissioner to take evidence pursuant to the Hague Convention or other applicable foreign laws, no Party will object to the appointment of such Commissioner, provided that appointment will not alter the scope of documents to be produced by the foreign entity or undermine the foreign entity's compliance with the Federal Rules of Civil Procedure or this Court's rules and orders.

10. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Protective

Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

11.    Notwithstanding the designation of information as "Confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The Parties shall follow the Court's procedures for requests for filing under seal.

12.    At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than **thirty (30) days** after entry of final judgment no longer subject to further appeal) returned to the producing Party or certified as destroyed, except that the Parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

13.    Nothing in this Protective Order shall preclude disclosure of Confidential Information to the extent required by law or a valid subpoena. In the event any person identified in Paragraph 5 above is requested to produce CONFIDENTIAL or HIGHLY CONFIDENTIAL information outside this action pursuant to a request for production of documents or information, answers to interrogatories, responses to requests for admission, subpoena, deposition testimony, or other information disclosed pursuant to disclosure or discovery duties, the Party or person shall object and refuse to disclose such information on the basis of this Protective Order. To the extent any person identified in Paragraph 5 above is ordered to disclose any personal data or other CONFIDENTIAL or HIGHLY CONFIDENTIAL information covered by the EU GDPR, the Parties agree to narrowly tailor the CONFIDENTIAL or HIGHLY CONFIDENTIAL information to be disclosed, so as to disclose only that information which is necessary to comply with the applicable request.

14.    Nothing herein shall preclude the Parties from disclosing Confidential Information as required by law or pursuant to a valid subpoena; provided, however, that the disclosing Party shall provide the designating Party with reasonable written notice (not less than **seven (7) days** before the planned disclosure) so that the designating Party may seek an appropriate protective order.

15.    This Protective Order may be modified by the Court at any time for good cause shown following written notice to all Parties and an opportunity to be heard.

Dated: New York, New York                                    SO ORDERED.

May __26__, 2026

SARAH L. CAVE
United States Magistrate Judge

4

**Exhibit A**

**Non-Disclosure Agreement**

I _____, have been informed by counsel that certain documents and/or information to be disclosed to me in connection with the matter entitled *Ferrel v. Airbus Americas, Inc. et al*, Case No. 1:26-cv-00690, have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" are confidential by Protective Order of the Court.

I acknowledge that I have read and understand the Protective Order entered in this action governing the Non-Disclosure of documents and information that have been designated "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL." I agree that I will not disclose and documents or information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to any other person except as expressly permitted in the Protective Order. I further agree not to use any such information for any purpose other than this litigation.

I agree that at the conclusion of the litigation I will either return all information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to the Party or attorney from whom I received it, or upon receipt of permission from the producing Party, destroy such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information. Further, I agree to certify to having returned or destroyed all "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information.

By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder, and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____

Name: _____

Signature: _____

5