# Arnold & Porter

Christopher M. Odell
**Christopher M. Odell**
+1 713.576.2401 Direct
Christopher.Odell@arnoldporter.com

May 26, 2026

| |
|---|
| Defendants' request at Dkt. No. 18 is **GRANTED**. The Court will So Order the Application for Judicial Assistance, (Dkt. No. 18-2), and Proposed Order, (Dkt. No. 18-3), by separate order. <br><br> The Clerk of Court is respectfully directed to close Dkt. No. 18. <br><br> SO ORDERED.    May 26, 2026 <br><br> *[signature]* <br> SARAH L. CAVE <br> United States Magistrate Judge |

**VIA ECF AND ELECTRONIC MAIL**

Magistrate Judge Sarah L. Cave
United States District Court
Southern District of New York
500 Pearl St.
New York, New York 10007-1312

Re:    *Ferrel v. Airbus Americas, Inc. et al*; 1:26-cv-00690-JHR-SLC

Dear Judge Cave:

We represent Defendants Airbus Americas, Inc. and Airbus S.A.S. We write with the consent and agreement of the Plaintiff in the above-referenced action.

Defendant Airbus S.A.S. is a European company with its principal place of business in Toulouse, France. As such, documents and information relevant to Airbus S.A.S.'s defenses, as well as documents and information potentially responsive to Plaintiff's discovery requests in this matter, are located in France. When evidence relevant to a United States civil action is located in France or held by a French company and therefore potentially subject to the French Blocking Statute, Article 1bis of French Law No. 80-538, there is a well-established and routinely used procedure for obtaining that evidence through international judicial cooperation. *See, e.g., Behrens v. Arconic, Inc.*, Civ. A. No. 19-2664, 2020 WL 1250956 (E.D. Pa. Mar. 13, 2020).

Both the United States and France are parties to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Evidence Convention"), which outlines the procedures parties must follow when seeking discovery abroad from a French corporation. Under the Hague Evidence Convention, the Court may issue a Letter of Request for Judicial Assistance seeking the production of documents or the taking of testimony in France. Such requests are transmitted through the designated Central Authority, in this case the French Ministry of Justice, and are executed by French courts in accordance with French procedural law.

Courts in the United States have followed a consistent, simple procedure for ensuring compliance with this Hague Evidence Convention requirement. In cases involving French entities subject to such obligations under French law, parties to the U.S. federal proceeding have frequently prepared an Application for Assistance for the presiding judge to sign; thereafter, the judge has signed and entered the Application for Assistance on the docket. *See e.g.*, ECF No. 182, *Schenker AG v. Société Air France*, No. 14-CV-04711 (E.D.N.Y May 30, 2021); ECF No. 128-1, *United States v. UBS Securities LLC*, No.

**Arnold & Porter Kaye Scholer LLP**
811 Main Street, Suite 1800 | Houston, TX 77002-6110 | **www.arnoldporter.com**

# Arnold&Porter

May 26, 2026
Page 2

18-cv-6369-RPK-PK (E.D.N.Y May 26, 2021); ECF No. 39, *Dunham v. Covidien*, No. 1:19-cv-02851-LLS (S.D.N.Y. Dec. 14, 2020); ECF No. 529, *Allianz Global Investors GMBH v. Bank of Am. Corp.*, No. 1:18-cv-10364 (S.D.N.Y. Sept. 9, 2020); ECF No. 175, *Behrens v. Arconic, Inc.*, No. 2:19-cv-02664-MMB (E.D. Pa. Mar. 20, 2020). The executed Application is then transmitted to the French Ministry of Justice. After the court signs the Application and enters it on the docket, the French party—here, Airbus S.A.S.—takes responsibility for its transmittal to the French authorities.

This treaty-based mechanism is neither exceptional nor novel. It is a standard method by which U.S. litigants obtain evidence located in France and is regularly employed in civil matters. French courts and authorities are familiar with these requests and routinely process them, subject to appropriate limitations on scope, relevance, and proportionality consistent with French law. Moreover, this process has been utilized successfully in other cases with similar facts in this District that involved Airbus S.A.S. *See, e.g.*, ECF No. 94, *Vuksanovich v. Airbus Americas, Inc.*, 1:21-cv-03454-KPF (S.D.N.Y. Nov. 4, 2022); ECF No. 68, *Busch v. Airbus S.A.S.*, No. 1:22-cv-06967-VEC-RWL (S.D.N.Y. July 11, 2023).

Use of the Hague Evidence Convention also ensures compliance with French legal requirements, including restrictions on informal or unilateral discovery requests directed at French entities. *See* Law No. 68-678 of July 26, 1968 and Decree No. 2022-207 of February 28, 2022. As a result, proceeding through this established framework provides a predictable, orderly, and internationally recognized means of obtaining evidence for use in U.S. litigation, while respecting the procedural norms of both jurisdictions.

In accordance with the procedure outlined above, Airbus S.A.S. has prepared an Application for Judicial Assistance for this Court's signature, attached hereto as Attachment B, regarding which Airbus's counsel has conferred Plaintiff's counsel.

Airbus has represented to the Plaintiff that Airbus S.A.S. is required to comply with the Hague Convention under French Law, and based on Airbus's experience in other cases, the relief sought by this motion will not affect the scope of discovery, prejudice the Plaintiff's discovery rights under the Federal Rules of Civil Procedure, or impose additional burdens or costs on the Plaintiff outside of delay. Plaintiff does not believe French Law overrides direct application of the Federal Rules of Civil Procedure to Airbus S.A.S. *See, e.g.*, *In re Vivendi Universal, S.A. Sec. Litig.*, 2006 U.S. Dist. LEXIS 85211, at *11-18 (S.D.N.Y. Nov. 13, 2006). Nevertheless, in consideration of Airbus's representations and as a matter of professional comity, while reserving all rights under the Federal Rules of Civil Procedure and the right to seek relief from the Court if necessary, Plaintiff does not oppose Airbus's motion.

# Arnold & Porter

May 26, 2026
Page 3

The parties now jointly and respectfully request that the Court sign and enter on its docket the attached Application for Judicial Assistance to the French Ministry of Justice and the Proposed Order Granting Joint Application to Appoint Commissioner for Discovery in France and Issue Request for International Judicial Assistance under Chapter II of the Hague Evidence Convention, attached hereto as Attachments B and C.

As part of the Application, the parties jointly request that the Court appoint Mr. Alexander Blumrosen as Commissioner to assist the parties in obtaining foreign documents and information from Airbus S.A.S. in compliance with French law. Chapter II of the Hague Evidence Convention permits the Court to appoint a French attorney to serve as the discovery Commissioner responsible for overseeing the production of documents and information through the Hague Evidence Convention. The parties have conferred and agree to the appointment of Mr. Blumrosen as Commissioner for this proceeding, subject to the approval of this Court and the Ministére de la Justice of France. Mr. Blumrosen has previously been appointed as a Commissioner under the Hague Evidence Convention by other courts in this District and served as the Commissioner in recent Southern District of New York cases involving Airbus S.A.S. *See* ECF No. 94, *Vuksanovich v. Airbus Americas, Inc.*, 1:21-cv-03454-KPF (S.D.N.Y. Nov. 4, 2022); ECF No. 68, *Busch v. Airbus S.A.S.*, No. 1:22-cv-06967-VEC-RWL (S.D.N.Y. July 11, 2023).

Upon approval by the French Ministry of Justice, Mr. Blumrosen will (i) receive responsive documents and information located in France from Airbus S.A.S. and transmit those documents and information to Plaintiff's counsel, and (ii) to the extent "personal data" would be disclosed under French law, serve as the Privacy Monitor to assist the parties in satisfying French personal data protection laws in conjunction with the French personal data protection authority (CNIL). This appointment is not intended to authorize Mr. Blumrosen to determine the scope of documents and information to be produced by Airbus S.A.S.

Airbus S.A.S. will be solely responsible for the costs associated with Mr. Blumrosen's appointment (although each party will bear its own attorneys' fees).

After entry on the Court's docket, counsel for Airbus S.A.S. will promptly deliver the signed Application for Assistance to the relevant French authority. Airbus S.A.S. will also use its best efforts to obtain, as soon as possible after entry of the proposed Application for Assistance, authorization by the French Ministry of Justice for the Commissioner and Privacy Monitor—i.e., Mr. Blumrosen—to take evidence in accordance with terms of the Application for Assistance and to assist the parties with satisfying the French data protection and privacy laws.

**Arnold & Porter**

May 26, 2026
Page 4

The parties anticipate that this method will allow the production of documents and information with minimal delay and expense while also satisfying Airbus S.A.S.'s legal requirements under French law. In Airbus S.A.S.'s experience in similar litigations, Mr. Blumrosen has efficiently reviewed document productions, and although his review does add an additional procedural step for Airbus S.A.S., it has not meaningfully impacted the timing of the rolling document productions made by Airbus S.A.S. Indeed, compliance with the Hague Evidence Convention procedures has not, in prior litigations, caused any delay in discovery deadlines.

The parties agree that neither the entry of the Proposed Order, the production of documents and information pursuant to the Hague Evidence Convention, nor the terms of the Application for Assistance shall constitute or operate as a waiver of the attorney-client privilege, the work product doctrine, or any other privileges, rights, protections, or objections that may apply to that evidence under the laws of the United States or France. Documents withheld on the basis of any privilege shall be so identified in accordance with any ESI Protocol or Protective Order entered by this Court in this matter. Any discovery conflicts arising in connection with any document or information production made in connection with this joint application shall be submitted for resolution by this Court in accordance with the Local Rules and Federal Rules of Civil Procedure.

\*       \*       \*

In sum, as discussed above and in order to facilitate Airbus S.A.S.'s compliance with French Law, the parties respectfully request that Your Honor endorse and enter on the Court's docket (i) the Letter of Request, attached as Attachment B, and (ii) the parties' Joint Proposed Order, attached as Attachment C.

# Arnold&Porter

May 26, 2026
Page 5

The parties appreciate the Court's consideration and assistance in this matter.

Respectfully Submitted By,

By: *Christopher M. Odell*

Christopher M. Odell
Christopher.Odell@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
811 Main St., Ste 1800
Houston, TX 77002
T: (713) 576-2400
F: (713) 576-2499

Megan Pieper
Megan.Pieper@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave, NW
Washinton, DC 20001-3743
T: (202) 942-5945
F: (202) 942-5999

Enclosures:

| | |
|---|---|
| Attachment A | Declaration of Christopher M. Odell |
| Attachment B | Letter Motion for Issuance of Letter Request Pursuant to Hague Evidence Convention |
| Attachment C | Proposed Order to Appoint Commissioner for Discovery in France |